UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN REED, | No. 2:23-cv-1207 CKD P |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has paid the filing fee.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Having conducted the required screening, the complaint will be dismissed with leave to amend.

There are many issues with plaintiff's complaint. First, he identifies approximately 35 defendants some of whom, like Governor Newsom, have no connection to any of plaintiff's claims. With respect to most of the defendants, plaintiff fails to point to facts which adequately suggest they caused injury to plaintiff. A plaintiff must connect the named defendants clearly with the claimed denial of his rights. Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official know of and

disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under [42 U.S.C. § 1983] arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in § 1983 cases between named defendant and claimed injury); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").

Plaintiff attempts to assert a claim arising under the Americans with Disabilities Act, (ADA), 42 U.S.C. § 12101 et seq., concerning the configuration of his bed. Plaintiff is paraplegic.

The proper defendant in plaintiff's ADA claim is a public entity, such as the California Department of Corrections and Rehabilitation, Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998), not all of the individuals named by plaintiff.

Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 208 (1998). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination" and the standard for intentional discrimination is at least deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood. City of Canton v. Harris, 489 U.S. 378, 389 (1988)

In his complaint, plaintiff does not adequately explain how the configuration of his bed excluded him from services, programs or activities in violation of Title II.

While plaintiff does not explicitly assert a claim under the Eighth Amendment, Eighth Amendment issues are implicated in plaintiff's complaint. Plaintiff is informed that denial or delay of medical care can violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs. Id. Conditions of confinement can also violate the Eighth Amendment. The relevant inquiry there is whether prison officials caused injury by, acting with deliberate indifference, exposing a prisoner to a sufficiently substantial risk of serious damage to his future health." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

In his complaint, plaintiff at times claims he was "retaliated" against but does not state a claim for retaliation. Plaintiff is informed that prison officials generally cannot retaliate against inmates for exercising First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532. The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Also, in order to state a claim for retaliation, plaintiff must point to facts indicating a causal connection between the adverse action and the protected conduct. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

Plaintiff's second claim concerns denial of access to courts. ECF No. 1 at 15. However, this claim is conclusory in that there is not enough factual support in order for plaintiff to proceed. Essentially, he simply states he was denied access. He must go well beyond that and explain how.

Finally, plaintiff asserts a third claim for negligence arising under California law. The court assumes this claim is based upon the allegations concerning the configuration of his bed, but it is not clear and must be in plaintiff's amended complaint if he wishes to assert that claim again. Also, plaintiff fails to plead compliance with the California Tort Claims Act. Plaintiff is

informed that before he may proceed on a claim arising under California law in this court he must comply with the terms of the California Tort Claims Act, and then plead compliance.  See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995).  Complaints must present facts demonstrating compliance, rather than simply conclusions suggesting as much.  Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).

In more general terms, plaintiff's complaint is mostly vague, confusing, repetitive, and contains too much information not material to his stating a claim upon which relief can be granted.  Plaintiff must avoid this in his amended complaint.  Further, plaintiff must provide dates when violations of rights occurred and should set out his allegations in chronological order.

If plaintiff elects to file an amended complaint, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  May 20, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
reed1207.frcp8